## Commonwealth v. Burdick

*William F. Morgan,* for Commonwealth.
*David W. Swanson,* for defendant.

WOLFE, P. J., April 8, 1970.—This matter is before the court on a complaint against defendant filed by the Conewango Township Police charging that the defendant did, on February 5, 1970, violate section 1008, subsec. e of The Vehicle Code of April 29, 1959, P. L. 28, 75 PS §1008, in that defendant did overtake and pass another vehicle proceeding in the same direction in a "no passing" zone.

The findings of fact, briefly from the testimony from the arresting officer, reveal that defendant was

traveling north on Route 62 in the County of Warren on a three-lane highway and that defendant overtook and passed two cars at a point where there were erected signs indicating "no passing." This testimony was corroborated by a fellow officer, who verified that he checked the signs and they were erected one-eighth mile apart through the distance in which defendant completed his pass.

The defense to the action is that the surface of the highway was initially marked by a white dotted line for the center lane and immediately adjacent thereto was a solid yellow line, and that the yellow line had, by reason of wear and weather, faded to the extent that it would be difficult to see, leaving only the white dotted line visible.

Defendant does not deny that he made the pass at the place in question, but he argues that he was not aware that it was a "no passing" zone and that he observed the white dotted line and was of the opinion that it was legal to pass. Defendant did not see the erected posted signs but there was no testimony that the signs were not, in fact, erected by the Department of Highways. Defendant further argues that he is a domiciliary of the State of New York and that passing on a dotted white line is legal in that State and that, therefore, he should not be found guilty of the current charge, because he was misled by the fading of the solid yellow line immediately adjacent to the white dotted line.

In all cases of this nature, the court must find defendant guilty beyond a reasonable doubt who is presumed innocent throughout the case. In determining whether the Commonwealth has carried its burden of proof, the court must consider all of the evidence and determine where the credible weight of the evidence should be placed.

In this case, there is no question or conflict in the testimony. Both the Commonwealth and defendant agree that the pass was made, there is no denial that the posted signs were erected and there is no denial that the solid yellow line was faded to a point where it would be difficult to observe. The issue before the court, therefore, is one of law in whether or not defendant could legally rely upon the law of his domiciliary State in operating his vehicle in a sister State and whether defendant was misled by the failure of the Department of Highways to maintain a visible solid yellow line.

It is the opinion of this court that defendant is chargeable with the laws of the Commonwealth of Pennsylvania if he elects to operate his vehicle in this State. It is true that the National Safety Council has recommended that certain safety markings be placed upon the surface of the highway to indicate safe distances to pass and other indications to assist motorists in operating their vehicles. Many motorists have become accustomed to these markings to the extent that they rely upon them exclusively for purposes of operation of their vehicles and, by doing so, ignore other legal signs and signals adopted by the Legislature of Pennsylvania.

Section 1113 of The Vehicle Code of 1959 provides:

"The Secretary of Highways with reference to State highways is hereby authorized to designate any portion or portions of such highway as 'No Passing Zones' by erecting, at the entrance thereto, official signs bearing the words 'No Passing Zone' and by erecting, at the end of such 'No Passing Zone' an official sign bearing the words 'End of No Passing Zone.' The letters and numerals in all of such signs shall be of a form and size approved by the Secretary of Highways. Such 'No Passing Zone' shall extend for a distance of

not greater than one-eighth (⅛) of a mile between such signs, and any extension of such 'No Passing Zone' shall be marked by additional signs in like manner."

Further, section 102 of The Vehicle Code of 1959 defines the word "sign" as being, "any device, mark, marker, board, plate, or other contrivance, designed for the purpose of guiding traffic or informing of a traffic regulation."

Nowhere in The Vehicle Code is there a definition of a solid yellow line or a broken white line or the effect thereof, and this court can find no cases that permit the operator of a vehicle to rely upon markings upon the surface of the highway in disregard of erected signs placed along the highway by the secretary.

Section 1113 of The Vehicle Code specifically requires the signs to be erected to be "official signs" and the court interprets this in conjunction with section 1105 of The Vehicle Code providing that the Secretary of Highways shall make and publish regulations for the design, location and operation of all official traffic signs, signals and markings in the Commonwealth and such traffic signs, signals and markings shall correlate with and, so far as practical conform with the manual of traffic control devices adopted by the Joint Committee of the American Association of State Highway Officials and Institute of Traffic Engineers and the National Conference on Street and Highway Safety, published August 1948 and amendments thereto.

Nowhere in The Vehicle Code does it appear that the secretary has adopted as official signs to control the flow of traffic paint markings upon the surface of the highway.

Defendant argues that the Secretary of Highways has been given authority by legislative mandate to

establish in the first instance markings upon the highway and in the second instance the size and design of the "no passing" zone signs, and, hence, a marked painting upon a highway bears the stamp of legislative approval.

Defendant correlates this position with the uncontradicted testimony that the solid yellow line in question was not distinguishable at the place where defendant perfected his pass and, therefore, defendant was misled by the Commonwealth.

No case directly on this issue has been cited to support defendant's position; however, defendant argues that the Secretary of Highways must regard the foregoing assertion as true and in support of this contention cites "Pennsylvania Manual for Drivers." This manual indicates the shape of a "No Passing Zone" sign and also depicts a broken white line and states it permits crossing (by vehicles) if ample passing distance (500 to 800 feet or more exists) and opposing traffic lane is clear of traffic.

Although the court admits the defendant's argument is novel, the court cannot agree. In the first instance, the legislature has not enacted as law the manual on uniform traffic control devices nor the Pennsylvania Manual for Drivers. Second, the defendant has not been misled by what appear to be contradictory signs. The definition of the word "sign" does not include a painted marking upon the surface of the highway.

If defendant's argument is adopted, absurd results would accrue; for example, if the highway were covered with ice and snow so as to obscure the painted markings, the operator could not be heard to say he could pass any place in disregard of erected signs adjacent to the highway prohibiting same simply because the markings could not be seen. In this example, the operator would be forced to rely on the erected

signs, but if the markings were difficult to see, the operator would have an option to rely on the markings or the erected signs as he may choose.

For the foregoing reasons the court makes the following.

### ORDER

And now, April 8, 1970, the court finds defendant guilty and orders defendant to pay the statutory fine of $10, plus costs.